132

## In re LIBOWITZ.

District Court, S. D. New York.
July 8, 1931.

Samuel A. Gluck, of New York City, for bankrupt.

Nathl. J. Palzér, of New York City, for Irving Trust Co., trustee.

COXE, District Judge.

After a careful reading of the entire record in this case, I am satisfied that the bankrupt has not sustained the burden resting on him, (1) to show that he kept "books of account, or records, from which his financial condition and business transactions might be ascertained"; and (2) "to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities."

It is quite true that the bankrupt had a small business, employed no clerks, and kept his own books; and it may well be, as stated by the master in his report, that "such books as he did keep * * * seemed * * * to be neat and accurate"; but the fact remains they were not "books of account, or records, from which his financial condition and business transactions might be ascertained." That was the testimony of Conway, an accountant, who examined the books and records for the trustee. It was also demonstrated by the failure of the bankrupt satisfactorily to explain the deficiency in his assets. And even if the explanation with respect to the missing books be accepted, the showing was plainly inadequate to entitle the bankrupt to his discharge.

On the remaining branch of the case, it is not enough for the bankrupt to leave it entirely to conjecture what became of his assets. He must not only explain, but "explain satisfactorily" any "losses of assets or deficiency of assets." Brenner v. Gaunce (C. C. A.) 28 F.(2d) 606. The attempt to meet this burden went no further than to show gambling and stock losses of $4,000, a loss by theft of $250, and estimated business and living expenses of $8,691.31; as against scheduled liabilities of $14,561.53 and scheduled assets of $1,620.20. There was some corroborative proof with respect to the stock losses, but the other items were largely estimates, with practically nothing from the books or records to. support or sustain them.

The business expenses of the bankrupt for rent, traveling, and office expense were inconsiderable, and even though he may reasonably have been entitled to $2,000 or $2,500 a year for living expenses, still the method employed of estimating these items is not a sufficient compliance with the statute (11 US CA § 32(b).

I therefore sustain the specifications of objection, and deny the discharge.